Raftery v. Easley.

---

## Michael Raftery v. James R. Easley.

1. WARRANTY DEED—*what covenants of, include.* The right of dower, whether consummate or inchoate, is an incumbrance within the covenants of a warranty deed, and where the grantor in such deed has been duly served with notice of a proceeding to establish such right, such grantor is concluded by the judgment in such proceeding, unless the same is the product of collusion or fraud.

2. JUDGMENT BY CONSENT—*who bound by.* A judgment rendered by consent is binding only upon the parties to the record, and does not bind the grantor in a warranty deed, not a party to such record, who subsequently is sought to be held by virtue thereof under his covenants of warranty, and this is true notwithstanding the defendant in such suit notified such grantor to appear and defend and he did not do so.

3. PROPOSITIONS OF LAW—*when properly refused.* Propositions of law which pertain purely to questions of fact are properly refused.

Action of covenant for alleged breach of covenant of warranty deed. Error to the Circuit Court of Pike County; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed November 9, 1903.

A. G. CRAWFORD, EDWARD DOOCY and J. W. STAUFFER, for plaintiff in error.

WILLIAMS & GROTE, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an action brought by plaintiff in error against defendant in error, to recover damages for a breach of the covenants of a warranty deed.

On March 26, 1896, defendant in error sold and conveyed to plaintiff in error, by a deed containing full covenants of warranty, a quarter section of land situated in Audrain County, Missouri. Subsequently, Lucy A. Smith brought an action in the Circuit Court of Audrain County, Missouri, against plaintiff in error, to establish and have assigned her alleged right of dower in said premises. The plaintiff in error, who was the defendant in the dower case in Missouri, entered his appearance therein, filed an answer denying all of the material allegations of the plaintiff's petition, and notified the defendant in error of the pendency of the case and requested him to defend the action, which he failed to do. The proceedings resulted in a judgment in favor of the plaintiff, Lucy A. Smith, establishing her right of dower, and fixing its cash value at $110 per year. It is to recover these installments paid by plaintiff in error that the present suit is brought. In the trial court, a jury was waived, and the court found the issues for the defendant and rendered judgment against the plaintiff, who prosecutes this writ of error. Plaintiff in error contends that the judgment is against the law and the evidence, and that the court erred in passing upon the propositions of law submitted by him.

The declaration consists of one count, to which defendant in error pleaded, among other defenses, that Lucy A. Smith is not the widow and was not the wife of John R. Smith, to whom the property in question had once been conveyed. A plea was also interposed averring that the judgment was obtained by the consent, fraud and collusion of the defendant. The only evidence in the record tending to show that she was the widow and was entitled to be endowed of the lands in question, is found in a certified copy of the proceedings in the case in the Missouri court, which

in turn shows that upon the trial of that cause the defendant, who is the plaintiff in this case, admitted the marriage and widowhood of Lucy A. Smith, as alleged in her petition. The record in that case also contains the following additional stipulation:

" Lucy A. Smith,

    vs.

M. L. Raftery, et al.

May 13, 1895. Suit for dower, in Mexico, Mo., Circuit Court, 1895.

We hereby agree that if judgment is found for the plaintiff for the existence of the dower, then we waive appointment of commissioner; the court may forthwith enter judgment for damages from the time of the death of Jno. R. Smith to the date of trial, shall be at the rate of $110 per annum, and the yearly or monthly value of the dower after judgment so rendered shall be at the rate of $110 annually; and defendant to pay costs.

    (Signed)    J. S. Smith, for plaintiff.

              James B. Barker, for plaintiff.

              E. C. Kennon, for defendant Raftery."

The right of dower is an incumbrance within the terms of a covenant of general warranty and it is immaterial whether the right is inchoate or consummate. McCord v. Massey, 155 Ill. 123. And where a covenantor is served with proper notice of the commencement of a suit to establish a right which would constitute a breach of the covenant, the covenantor is concluded and bound by the judgment, unless the judgment is the product of collusion or fraud. Harding v. Larkin, 41 Ill. 413; Drennan v. Bunn, 124 Ill. 175. But a judgment entered by consent is binding only upon the parties to the record. The trial court held that the judgment of the Missouri court was entered by consent, fraud or collusion. We think that the holding was correct on the evidence disclosed by the record presented to this court. From the record it is manifest that Lucy A. Smith could not have recovered a judgment in her suit but for the material admissions of the defendant made therein. Notwithstanding defendant in error was notified to appear and defend, it was the duty of the defendant, plaintiff in error here, to leave the defendant in error in no

worse position than he would have been in if the Missouri
case had gone by default. Had no plea or answer been
interposed in the Missouri case, the plaintiff could not have
recovered, so- far as appears from this record. Her mar-
riage was an essential fact. She did not prove it. It was
admitted. We regard the conduct of plaintiff in error as
calculated to aid the plaintiff in the recovery of the judg-
ment. This he had a perfect right to do so far as he was
concerned, but he cannot bind the defendant in error by
such conduct. The record of the Missouri court not being
conclusive upon the defendant in error, this record is des-
titute of the necessary proof to warrant the rendition of a
judgment for the plaintiff in the court below.

Some complaint is made of the action of the trial court
in passing upon the eighteen so-called propositions of 'law
submitted by the plaintiff. Most of them are propositions
of fact, not law, and were properly refused. The facts in
the record are undisputed. The court correctly applied the
law to the facts disclosed by the record, and the judgment
will be affirmed.

*Affirmed.*