Roth-Adam Fuel Company *et al.*, Plaintiffs-Appellees, *v.* The Pollution Control Board *et al.*, Defendants-Appellants.

(No. 57536;

First District (4th Division)—March 14, 1973.

William J. Scott, Attorney General, of Chicago, (David C. Landgraf, Harvey M. Sheldon, and James I Rubin, Assistant Attorneys General, of counsel,) for appellants.

Harry A. Young, Jr., Allen C. Engerman, and Robert J. Lifton, all of Chicago, for appellees.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The Illinois Pollution Control Board and its members (hereinafter the "Board") have taken this interlocutory appeal from an order for issuance of a temporary injunction entered by the Circuit Court of Cook County on motion of Roth-Adam Fuel Company and the other plaintiffs. The injunctional order restrained the Board from holding further hearings on, or adopting, or considering the adoption of a proposed rule which would ban the use of coal as a source of fuel for residential and commercial space heating purposes in the Chicago area. The trial court also denied the Board's amended motion to dismiss the complaint. The facts as adduced from the pleadings and hearing are as follows:

The Illinois Pollution Control Board was holding hearings on a proposed regulation to eliminate the burning of coal as a source of fuel for residential and commercial space heating purposes. The proposed regulation, Rule 203(g) (1) (A), had been a matter of public knowledge and under consideration since December 1970. The Board held public

hearings at which plaintiffs did appear and testified. The effective date of the proposed ban on the burning of coal was to be May 30, 1975. Plaintiffs amended their complaint to provide for changes in the proposed regulation which were not known to plaintiffs at the time of filing the complaint.

Rule 203(g)(1)(A) had not been adopted by the Board. Plaintiffs introduced evidence that the Board standards would be more stringent than necessary to meet the federal air quality standards. Plaintiffs also introduced evidence that the proposed rule discriminated against residential and commercial space heating sources in the Chicago area. The rule was subject to change and had been changed many times previously.

Expert testimony established that industrial process sources were allowed to emit over three times the particulate matter which the rule would allow residential and space heating units to emit. Further testimony revealed that coal companies and users of coal for heating purposes would suffer substantial financial losses without compensation.

The Board filed a motion to dismiss the complaint which sets forth that plaintiffs have an adequate remedy at law under the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, pars. 264 and following) and that the matter is not now ripe and is prematurely brought to court. The Board also filed an amended motion to dismiss which stated in addition that the complaint failed to allege facts showing an actuality or threat of immediate irreparable harm and that the proposed regulation did not threaten to destroy plaintiffs' business without compensation.

On appeal the Board contends that the Circuit Court of Cook County lacked jurisdiction to entertain this suit for injunction and that plaintiffs were not entitled to a preliminary injunction on the basis of the facts and evidence presented.

We find it necessary to determine whether the court had jurisdiction to entertain this suit for injunction. The Board has not adopted any regulation directed to the subject matter in question. Hearings have been held, but no person can predict the future course of action which the Board will take and whether or not it will, in fact, adopt the proposed regulation in any form. No action of any kind has been taken by the Board against plaintiffs. No compulsion of any kind has been exercised against them. No regulation has been adopted. Plaintiffs are not confronted with any regulation duly adopted by the Board. No loss has been suffered by any of the plaintiffs in any of their pertinent activities and no such loss is imminent. Even if the Board should adopt the proposed regulation, it would not be effective until May 30, 1975. Plaintiffs only problem is that the Board may some day adopt the regulation at issue in its present form. This alleged problem may never come about because the regula-

tion is still subject to change and has been changed numerous times previously.

The situation in *Gromer Supermarket v. Pollution Control Board*, 6 Ill.App.3d 1036, 287 N.E.2d 1, is in point except for the fact that no hearing had been held. We follow the reasoning in the *Gromer Supermarket* case and find it determinative in the instant case where hearings had been held. No action by the Board has made the issue ripe for judicial determination. We do not know if the Board will act upon this subject matter or whether it will adopt any regulation or even an amended regulation with which plaintiffs may be in full accord. Under the circumstances of this kind, we hold that the controversy between these parties is not presently ripe for adjudication and therefore, the Circuit Court of Cook County lacked jurisdiction to entertain this suit for injunction.

We conclude that this suit was prematurely filed and that the injunctional order was improvidently issued. The injunctional order is reversed and the cause remanded to the Circuit Court of Cook County with direction that it be dismissed without prejudice.

Order reversed and cause remanded with directions.

BURMAN, P. J., and DIERINGER, J., concur.