BOARD OF EDUCATION, TROY COMMUNITY CONSOLIDATED SCHOOL DISTRICT No. 30C, WILL COUNTY, *et al.,* Plaintiffs-Appellants, *v.* WILL COUNTY BOARD OF SCHOOL TRUSTEES, Defendant-Appellee.

(No. 73-237;

Third District—June 26, 1974.

Edwin Grabiec, of Herschbach, Tracy, Johnson & Wilson, of Joliet, for appellants.

Richard T. Buck, of McKeown, Fitzgerald, Zollner & Buck, of Joliet, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Will County denying and dismissing a petition for writ of mandamus. The petition prayed for the issuance of a writ commanding the defendant, Will County Board of School Trustees, to vacate its order of October 3, 1966, which disconnected certain territory from Troy Community Consolidated School District No. 30C.

On October 3, 1966, defendant, the Will County Board of School Trustees detached certain territory from Troy Community Consolidated School District No. 30C and attached the same to Joliet School District No. 86. The order was affirmed in an administrative review action brought by District No. 30C in the Circuit Court of Will County. It was further affirmed on an appeal by the district to this court (*Board of Education v. Will County Board of School Trustees*, 132 Ill.App.2d 947 (1971)). Efforts for further review terminated on February 18, 1972, when our supreme court denied the district's petition for leave to appeal from the decision of this court. Thereafter, on or about April 25, 1972, the district requested that defendant vacate its order of October 3, 1966, and, when the request was refused, the district and certain individuals, (hereinafter referred to as plaintiffs), filed a petition for a writ of mandamus directing

defendant to vacate its order. After a hearing, as we have stated, the petition was denied and plaintiffs have appealed.

To place the theory and contentions of plaintiffs in a proper perspective, it is first necessary to consider the evolution of section 7—14 of the School Code, and certain related legislation, during the period from October 3, 1966 (the date of defendant's order), until February 18, 1972, the date on which judicial review of such order became final.

When the order was entered on October 3, 1966, section 7—14 provided in pertinent part:

"Whenever a new district is created or the boundaries of any school district, other than a non-high school district, are changed by the annexation or detachment of territory or by the dissolution of a district and its annexation to another district under any of the provisions of this Act each such district as it exists on and after such action shall assume the bonded indebtedness of all the territory included therein after such change." (Ill. Rev. Stat. 1965, ch. 122, par. 7—14.)

In 1969, while administrative review proceedings were continuing, the section was amended by the addition of a proviso which stated:

"However, if the voters of each district having outstanding bonded indebtedness approve at an election, called and held in accordance with Article 9 of this Act within 60 days after the annexation order becomes final, a proposition to retain the existing bonded indebtedness of such district, the bonded indebtedness shall not be assumed by the district as it exists after the change, provided further, that if any district fails to approve the proposition at such election, or an election is not held, the order of the County Board or Boards of School Trustees shall be vacated." Ill. Rev. Stat. 1969, ch. 122, par. 7—14.

Next in point of time, on August 24, 1971, while judicial review of defendant's order of October 3, 1966, was still continuing, the legislature enacted as an emergency measure "An Act to validate certain school district creations, annexations, detachments and dissolutions", wherein it was provided:

"In any case where before the effective date of this Act a new district was created or the boundaries of any school district was changed by the annexation or detachment of territory or by the dissolution of a district and its annexation to another district, the creation, annexation, detachment or dissolution is valid despite the fact that an election was not held on the proposition of retaining the existing bonded indebtedness of such districts in any or

all such districts involved." Ill. Rev. Stat. 1971, ch. 122, par. 407.43.

It must also be noted that the legislature, in 1973, with an exception not applicable here, went the full cycle by amending section 7—14 to delete the election proviso added in 1969, and to restore the language of the section as it had existed in October, 1966. See Ill. Rev. Stat. 1973, ch. 122, par. 7—14.

Also prominent in plaintiffs' theory and contentions is a provision found in section 7—7 of the School Code, and the construction placed upon such provision in *People ex rel. Nordstrom v. Barry*, 11 Ill.2d 259. Section 7—7 makes decisions of a county board of school trustees subject to judicial review under the provisions of the Administrative Review Act. (Ill. Rev. Stat., ch. 110, par. 264 *et seq.*), and at all times pertinent to the present case contained the following language: "The commencement of any action for review shall operate as a supersedeas, and no further proceedings shall be had until final disposition of such review." (See Ill. Rev. Stat. 1965 through 1971, ch. 122, par. 7—7.) In *Barry*, which also involved the detachment of territory from one school district and its attachment to another, the attaching district voted a building bond issue and levied taxes for their payment, as well as normal building and educational taxes, while a review of the detachment and annexation order was still pending in a circuit court. The court held that the taxes had been improperly levied on the territory involved in the detachment-annexation order, the *ratio decidendi* being that by the quoted language of section 7—7, the legislature manifested an intent that the boundaries of the districts were to remain in *status quo* until the judicial review "reached final disposition." 11 Ill.2d at 261.

Based upon *Barry* and section 7—14 as it existed on February 18, 1972, plaintiffs, in contending that they are entitled to a writ of mandamus compelling the defendant to vacate its order of October 3, 1966, argue substantially as follows: (1) that the boundaries of the two school districts (District No. 30C and Joliet District No. 86) remained in *status quo* from October 3, 1966, to February 18, 1972, the date when the supreme court denied a petition for leave to appeal and judicial review "reached final disposition"; that the change of boundaries thus occurred on February 18, 1972, and (2) that under the proviso in section 7—14 as it existed on February 18, 1972, an election in both the district to which territory was annexed and the district from which it was detached, was a condition precedent to the validity of the order affecting detachment and annexation. It is further contended that the validating act of April 24, 1971, is inapplicable here, since by its express terms it relates only to boundary changes made before the effective date of such validating act,

and that since no elections were held within 60 days of February 18, 1972, under the terms of section 7—14 as then existing, defendant had an absolute duty to vacate its order of October 3, 1966.

■■ While we have some difficulty in subscribing to the rationale of *Barry* which could lead to a conclusion that the validating act is inapplicable in this case, and believe that the views of the dissenting justice in that case are more in conformity with the law and the language in section 7—7, it is sufficient to say that the question of whether an election, or elections as plaintiffs contend, was necessary to validate defendant's order of October 3, 1966, has become moot. It is a well settled rule that even if a judgment has been entered and a cause is pending on appeal, a reviewing court must dispose of a case under the law in force when its decision is rendered. (*People ex rel. Bauer v. Elmhurst—Villa Park—Lombard Water Commission*, 20 Ill.2d 139; *Merlo v. Johnson City & Big Muddy Coal & Mining Co.*, 258 Ill. 328). Here, while this appeal was pending and with effect from October 1, 1973, the legislature amended section 7—14 to delete the election proviso and the provision that an order of detachment and annexation was to be vacated if an election was not held. (Ill. Rev. Stat. 1973, ch. 122, par. 7—14.) As was true in *Dolan v. Whitney*, 413 Ill. 274, and *Board of Education v. Nickell*, 410 Ill. 98, both of which also involved detachment and annexation proceedings, there was no saving clause as to pending actions based upon the section prior to its amendment, and, as the court commented in each case, plaintiffs had no vested right in the procedure set forth in section 7—14 as it existed prior to the 1973 amendment. (See also *Lincoln Community High School District No. 404 v. Elkhart Community High School District 406*, 414 Ill. 466.) Accordingly, as the case comes to us, there is neither authority nor duty which would require defendant to vacate its order of October 3, 1966.

For the reasons stated, and since our decision is controlled by the 1973 amendment, the issue sought to be raised by plaintiff is moot, and accordingly the appeal in this cause should be, and is hereby, dismissed.

Appeal dismissed.

SCOTT, P. J., and DIXON, J., concur.