THE BOARD OF EDUCATION OF ADDISON SCHOOL DISTRICT NO. 4, DU PAGE COUNTY, *et al.,* Plaintiffs-Appellants, *v.* MERRILL GATES, Superintendent, Educational Service Region, Du Page County, *et al.,* Defendants-Appellees—(THE BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 3, DU PAGE COUNTY, Defendant-Appellant.)

(No. 74-37; 

Second District—September 10, 1974.

Robbins, Nicholas & Lifton, of Chicago (Jerome N. Robbins and Everett E. Nicholas, of counsel), for appellants.

John J. Bowman, State's Attorney, of Wheaton, and Klein, Thorpe, Kasson & Jenkins, of Chicago (Joseph A. Bonk, Assistant State's Attorney, and Newell N. Jenkins and B. A. Zolna, of counsel), for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiffs, the Board of Education of Addison School District No. 4, Du Page County, and its individual members, brought actions for administrative review, certiorari, declaratory judgment and injunction to prevent the establishment of a Community Unit School District. Motions to dismiss were filed by the defendants, the Board of Education of Elmhurst Elementary School District Nos. 3 and 46; the Superintendent of

the Educational Service Region of Du Page County, Merrill Gates; and the State Superintendent of Public Instruction, Michael Bakalis. The trial court granted defendants' motions and plaintiffs appeal.

On August 10, 1972, a petition was filed by a committee of ten with the required superintendent, defendant Gates, pursuant to section 11—6 of the School Code (Ill. Rev. Stat. 1971, ch. 122, par. 11—6) requesting the call of an election for the purpose of voting for or against the establishment of a Community Unit School District comprising District No. 3, the major portion of District No. 46 and that portion of High School District No. 88 overlying the proposed territory. The plaintiffs in this action appeared before defendant Gates, the regional superintendent of schools of Du Page County, at the administrative hearing on the petition. After a hearing, defendant Gates granted the petition on December 4, 1972, and it was thereafter approved by the State Superintendent, defendant Bakalis.

Plaintiffs' actions followed. On August 27, 1973, argument was heard and defendants' motion to dismiss was granted on that date. On September 26, 1973, the Board of Education of School District No. 3 petitioned to be realigned as a party plaintiff in this suit. Realignment was denied by the trial court.[1]

After the notice of appeal was filed we denied plaintiffs' request for stays of the election to form the Community Unit District and to elect board members of the newly formed unit district.

Plaintiffs contend that the trial court erred in dismissing the complaint and refusing to review the record of the proceedings to form the new district. They argue first that the court erred in holding that they lacked standing to participate in the hearing before the regional superintendent of Schools of Du Page County and erred in holding that they had no right to seek a review of that decision and the decision of the Superintendent of Public Instruction.

If none of the methods set forth in the complaint to review the decisions of the regional and state superintendent were proper, the court below lacked jurisdiction of the subject matter and its dismissal must be affirmed without regard to the numerous other issues raised by the parties. We therefore consider this as a threshold question, with particular references to the individual actions included in the complaint filed by the plaintiffs.

---

[1] District No. 3 joined in the appeal claiming the court erred in denying realignment. It appears that this issue is now moot since we have been informed that the Board of Education for School District No. 3 has withdrawn its opposition to the unit formation.

*Administrative Review*

The portion of section 11—6 of the School Code (Ill. Rev. Stat. 1971, ch. 122, par. 11—6) pertinent to administrative review provided, both at the time the state superintendent approved the petition and at the time the plaintiffs filed their complaint:

> "A decision of the regional superintendent denying the petition is an 'administrative decision' as defined in Section 1 of the 'Administrative Review Act', and any petitioner or resident who appears in support of the petition at the hearing may apply for a review of such decision in accordance with the 'Administrative Review Act' and all amendments and modifications thereof and the rules adopted pursuant thereto."

It is clear from the language of the statute in effect at the time plaintiffs sought administrative review from the orders granting the petition but before the election to organize the unit district was held that the right to administrative review was not specifically conferred on them but only on those seeking to review a denial of a petition.

██ Section 2 of the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 265) provides for administrative review of a final decision of any administrative agency when the agency or the act creating it expressly adopts the Administrative Review Act. Here, section 11—6 of the School Code confers authority for administrative review only on petitioners and affected residents who wish to appeal a decision of the regional superintendent denying the petition. The right to review a final decision of an administrative agency is limited and circumscribed by the statutes authorizing such review. (*Thompson v. County Board of School Trustees* (1970), 130 Ill.App.2d 660, 662.) Plaintiffs are in the same position as if the statute had not conferred the right to utilize administrative review at all and they cannot avail themselves of the procedures under the Administrative Review Act.

*Writ of Certiorari*

██ At common law, the writ of certiorari could be used to review boundary changes and consolidations of school districts where no other mode of appeal was permitted. (See *McKeown v. Moore* (1922), 303 Ill. 448, 453-454; *Miller v. Trustees of Schools* (1878), 88 Ill. 26, 33-34.) In *Mills Prairie Community High School District Number 229 v. Miller* (1973), 15 Ill.App.3d 87, 91, the court allowed objectors to seek review by writ of certiorari since they were not permitted administrative review from the approval by a regional superintendent. (See also *Board of Education v. Ellis* (1974), 19 Ill.App.3d 381, 311 N.E.2d 615, 616.) Section 11—6 of the School Code was amended effective October 1, 1973, to

provide that the decision of the regional superintendent of public instruction either denying or approving the petition is a final decision from which there is no review or appeal.

"A decision of the regional superintendent or Superintendent of Public Instruction denying or approving the petition, whether made prior or subsequent to the effective date of this Act, shall be a final decision, from which no review or appeal shall be had or taken. However, this amendatory Act of 1973 shall not be construed to affect applications for review which were perfected pursuant to the provisions of the 'Administrative Review Act' before the effective date of this Act." (Ill. Rev. Stat. 1973, ch. 122, par. 11—6).

The supreme court has specifically held that new procedures adopted by the legislature governing the formation of school districts apply to cases pending on appeal. (*Community Consolidated School District Number 210 v. Mini* (1973), 55 Ill.2d 382, 383-384; see also *Board of Education v. Will County Board of School Trustees* (1974), 20 Ill.App.3d 218, 313 N.E.2d 471, 473-474.) In view of the amendment of section 11—6 of the School Code which precludes review or appeal from a decision of the regional superintendent of public instruction denying or approving the petition (and the lack of a savings clause as to pending proceedings other than administrative review of the denial of a petition to form a unit school district), the legislative declaration of non-reviewability now precludes us from considering plaintiffs' petition for a writ of certiorari.

■■ Plaintiffs' suggestion that due process is violated by denying them review or appeal is not well taken. The procedures chosen for the creation of school districts and school district boundaries lie within the exclusive prerogative of the legislature (*Board of Education v. Ellis* (1974), 19 Ill.App.3d 381, 311 N.E.2d 615, 616-617), and legislative processes are not normally subject to due process rights such as judicial or adjudicative functions are. (Cf. 2 Am. Jur. 2d *Administrative Law* § 279 (1962).) There is no constitutional right to appeal from administrative proceedings (Ill. Const. (1970) art. VI, §§ 6, 9); the right of appeal from such proceedings is not necessarily essential to due process, but is a right which may or may not be granted in a given situation as the legislature reasonably deems appropriate. (*Board of Education v. County Board of School Trustees* (1963), 28 Ill.2d 15, 18.) Finally, we note that there are other means such as quo warranto by which the legality of the formation of a unit school district can be tested.

Plaintiffs contend that the granting of review only where denial of a petition for the formation of unit school districts occurs is arbitrary and unjust because the same right of review does not exist when a petition

is approved. As pointed out, section 11—6 of the School Code has been amended to deny review both from denials and approvals and the amendment eliminates any basis for the charge of arbitrariness. Moreover, the statute even prior to the amendment has been held constitutional upon an attack similar to plaintiffs' in *Board of Education v. Ellis,* 19 Ill.App.3d 381, 311 N.E.2d 615. In addition to the reasoning there expressed we would also note that the approval of the petition does not create a unit school district; further proceedings or steps must be taken. Until such steps have been completed, the proceedings could reasonably be said to lack sufficient finality to make an appeal appropriate. The appeal might become unnecessary depending upon the election results, and other issues may arise from the conduct of proceedings which take place after the appeal is prosecuted. We therefore cannot say the legislative decision denying review until after the unit district is formed is irrational or unreasonable.

*Declaratory Judgment and Injunction*

■■ Plaintiffs argue that the allegations in the complaint taken as true for purposes of deciding the motion to dismiss are sufficient to support a declaratory judgment. But in our view the complaint was prematurely filed. At the time the complaint was filed an election still had to be held and the result of the election and thus the formation of the proposed unit school district was not imminent or certain. (*Gibraltar Insurance Co. v. Varkalis* (1970), 46 Ill.2d 481, 485-486; *Spalding v. City of Granite City* (1953), 415 Ill. 274, 283.) Nor would the controversy necessarily be terminated since further questions concerning the conduct and validity of the election might later be raised in objection to the formation of the unit district in a quo warranto or other appropriate action. Under these circumstances, the court did not abuse its discretion in refusing to entertain the declaratory judgment action. A court has no power to render advisory opinions, and until the legislative process has been concluded there is no controversy that is ripe for declaratory judgment. *Slack v. City of Salem* (1964), 31 Ill.2d 174, 177-178. See also *Roth-Adam Fuel Co. v. Pollution Control Board* (1973), 10 Ill. App.3d 756, 757-758; *Gromer Supermarket, Inc. v. Pollution Control Board* (1972), 6 Ill.App.3d 1036, 1040-1045.

In *Slack v. City of Salem* (1964), 31 Ill.2d 174, an ordinance permitting the issuance of municipal bonds could not take effect until a number of steps were completed, one of which was the submission of the bonding question to the electorate in a referendum. A complaint was filed seeking to restrain the election and to declare the ordinance and State statute authorizing it unconstitutional. The supreme court stated the trial court erred in considering the constitutional questions because

the election was part of a legislative process which the circuit court had no jurisdiction to enjoin or interfere with.

As stated earlier the creation of school districts is exclusively the prerogative of the legislature. (*Board of Education v. Ellis*, 19 Ill.App.3d 381, 311 N.E.2d 615.) The holding of the election in the case *sub judice* was just as much a necessary step in the formation of the unit school district under section 11—6 of the School Code as was the holding of the referendum election in *Slack* to enable municipal bonds to be issued under the statute and ordinance there involved. (See, *e.g., Eisele v. Morton Park District* (1970), 122 Ill.App.2d 226, 229-230.) The declaratory judgment action sought to review and the injunction sought to restrain an incomplete legislative process whose results were uncertain. The complaint was therefore premature and properly dismissed. We therefore affirm.

Affirmed.

T. MORAN, P. J., and RECHENMACHER, J., concur.