JOSEPH PERRY *et al.*, Plaintiffs-Appellants, *v.* DR. JOSEPH M. CRONIN *et al.*, Defendants-Appellees.

Third District   No. 77-93

Opinion filed June 30, 1978.

Hoffman & Mueller, of Ottawa, Ben A. Goodin, of Matthews, Dean, Eichmeier, Goodin & Mrkvicka, of Aurora, and Klein, Thorpe & Jenkins, of Chicago, for appellants.

William J. Scott, Attorney General, of Chicago, Jack Hynds, of Hynds & Hynds, of Morris, and John Berry, of Berry & O'Conor, of Streator (Patricia Rosen, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiffs appeal the dismissal of their complaint for writ of certiorari which sought to review the decisions of Dr. Joe Mini and Dr. Joseph Cronin denying plaintiffs' petition for the formation of a community unit school district. Plaintiffs are the Committee of 10 designated in the community unit school district petition and various school districts supporting that petition. Defendants are Dr. Joseph Cronin, State Superintendent of Education, Dr. Joe Mini, Regional Superintendent of Education for La Salle County, Illinois, and various other school districts opposing plaintiffs' petition.

On June 11, 1975, a petition was filed with the Regional Superintendent of Education for La Salle County, Illinois, requesting the Regional Superintendent to call an election on the question of organizing a new community unit school district. After a hearing on the petition, the Regional Superintendent denied the petition. The decision of the Regional Superintendent was reviewed by Dr. Joseph Cronin. After reviewing the record of proceedings, Dr. Cronin entered an order denying the petition and found that "The educational benefit which may accrue to students of the area was outweighed by the education detriment suffered by those students as well as students in the adjoining areas."

Plaintiffs then filed a complaint in the circuit court of La Salle County requesting the issuance of a writ of certiorari against Dr. Cronin and Dr. Mini.The complaint generally alleged that the State Superintendent of Education lacked jurisdiction to review the decision of the Regional Superintendent; the order entered by Dr. Cronin was clearly against the manifest weight of the evidence; and Dr. Cronin failed to make any findings of fact as required by law. Motions to dismiss were filed by the defendants and on December 21, 1976, plaintiffs' complaint was dismissed. The circuit court found that it lacked jurisdiction because section 11—6(e) of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 11—6(e)) precluded review or appeal. It should be noted that a part of the territory designated in plaintiffs' petition for the formation of a community unit school district in this case is also included as a part of the territory described in another petition. That petition is the subject of an appeal presently pending in this court in Johnson v. Mini, No. 77-118.

Plaintiffs raise three issues for our consideration. First, they argue a writ of certiorari may issue to review the administrative decision of Dr. Cronin. Second, the State Board of Education may not delegate to Dr. Cronin the Board's power to rule on petitions. Finally, plaintiffs contend that the trial court erred when it denied them an opportunity to amend their complaint. We affirm.

Part of this dispute centers on section 11—6(e) of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 11—6(e)), which provides in part:

"A decision of the regional superintendent or Superintendent of Public Instruction denying or approving the petition, whether made prior or subsequent to the effective date of this Act, shall be a final decision, from which no review or appeal shall be had or taken."

■■ The first attempt to use a writ of certiorari to circumvent the foregoing provision prohibiting review occurred in *Board of Education v. Gates*, 22 Ill. App. 3d 16, 316 N.E.2d 525. The court in *Gates* held that the legislative declaration of nonreviewability precluded the court from considering the plaintiff's petition for writ of certiorari. A similar case was recently before this court in *Thompson v. Cronin*, 48 Ill. App. 3d 752, 363 N.E.2d 175, *appeal denied*, 66 Ill. 2d 637.

■■ In *Thompson*, the plaintiffs argued that the State Superintendent was without jurisdiction to review a community unit school district petition that had been denied by the Regional Superintendent because that function rested solely with the State Board of Education. The plaintiffs also claimed that the decision of the defendant Cronin was subject to judicial review by having the circuit court issue a writ of certiorari. The court in *Thompson* first decided that the Board of Education could properly delegate to the State Superintendent the power and the duty to review petitions for the formation of a community unit school district. The court also held that a writ of certiorari was not available to review the decision of the State Superintendent under section 11—6 of the School Code.

■■ We believe *Thompson* and its progeny are dispositive of two of plaintiffs' claims on appeal, namely, that defendant Cronin lacked the jurisdictional authority to review the Regional Superintendent's decision and that a writ of certiorari is available to review his determination. The trial court was correct in dismissing plaintiffs' complaint for writ of certiorari.

Plaintiffs urge us to reconsider our holding in *Thompson* in light of a recent amendment to section 11—6 (P.A. 80-1137, eff. Dec. 30, 1977) and the decision in *People ex rel Harrod v. Illinois Courts Com.*, 69 Ill. 2d 445, 372 N.E.2d 53. While we do not dispute the general propositions of law announced in *Harrod*, those propositions were considered by this court in deciding *Thompson*. Furthermore, the unique circumstances in *Harrod* precludes any specific applicability of that decision to the facts of this case.

As to the amendments relied upon by plaintiffs, section 11—6 now authorizes review of petitions for the formation of a community unit school district pursuant to the provisions of the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*). However, the

amendatory provisions referred to specifically precludes its applicability to organization proceedings commenced before July 1, 1977. The present proceedings were commenced on or about June 11, 1975. While plaintiffs concede that the language of Public Act 80-1137 bars its applicability to the instant case, they nevertheless argue that the Act reflects a legislative intent to overrule *Thompson v. Cronin.* Notwithstanding plaintiffs' arguments, we believe that the language of the amendatory act clearly exhibits a legislative preference for continuing the bar against review or appeal from the decisions of the State Superintendent of Education, as to all organization proceedings commenced prior to July 1, 1977. Plaintiffs choose to ignore the fact that the result reached in *Thompson* stems from an equally clear expression of legislative intent. We decline plaintiffs' invitation to alter our prior opinion.

■■ Lastly, plaintiffs argue that the trial court should have allowed them an opportunity to amend their complaint pursuant to section 46(1) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46(1)). The right to amend pleadings is not an absolute right, but is a matter left to the discretion of the trial court. (*Watson v. Auburn Iron Works, Inc.*, 23 Ill. App. 3d 265, 318 N.E.2d 508.) While such discretion should be exercised liberally in favor of granting motions to amend, we find nothing in the present facts to support plaintiffs' position that they were entitled to amend their complaint. The trial court did not err when it denied plaintiffs' motion to amend their complaint. The trial court did not err when it denied plaintiffs' motion to amend their complaint.

For the foregoing reasons the judgment of the circuit court of La Salle County is affirmed.

Judgment affirmed.

BARRY, P. J., and SCOTT, J., concur.