C. DONALD JOHNSON *et al.*, Plaintiffs-Appellants, *v.* DR. JOE L. MINI, Superintendent of Educational Service Region, La Salle County, *et al.*, Defendants-Appellees.

Third District   No. 77-118

Opinion filed August 2, 1978.—Rehearing denied September 18, 1978.

R. Gary Gooding, of Vanderwater & Gooding, Ltd., of Aurora, and Keith R. Leigh, of Seneca, for appellants.

Matthews, Dean, Eichmeier, Goodin & Mrkvicka, of Aurora, Klein, Thorpe, Kasson and Jenkins, of Chicago, and Hoffman & Mueller, of Ottawa, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from a judgment of the circuit court of La Salle County dismissing plaintiffs' complaint. The complaint requested the issuance of a writ of mandamus to defendant, Dr. Joe Mini, Superintendent of Educational Service Region, La Salle County, Illinois, directing him to

publish notice of the presentation of a petition for the organization of a community unit school district. Plaintiffs are the Committee of 10 designated in the petition and various school districts supporting the petition. Certain other defendants were allowed to intervene in this mandamus action.

Plaintiffs filed their petition for the organization of a community unit school district with Dr. Mini on February 2, 1976. A part of the territory described by the present petition was also included within the boundaries of the territory described in an earlier petition filed with Dr. Mini on June 11, 1975. The earlier petition was the subject of an appeal to this court in *Perry v. Cronin*, 61 Ill. App. 3d 418. For the sake of clarity, this earlier petition will be referred to as the Perry petition or the first petition. The defendants who were allowed to intervene in this action were the plaintiffs in *Perry*.

The *Perry* petition was denied by Dr. Mini on December 31, 1975. The proceedings which culminated in Dr. Mini's denial were reviewed by Dr. Joseph M. Cronin, State Superintendent of Education, and on January 28, 1976, he entered an order affirming the decision of Dr. Mini and denying the petition. The petition in the present cause was filed February 2, 1976, and amended at Dr. Mini's request on February 24, 1976. On March 16, 1976, a complaint for writ of certiorari was filed which sought to review Dr. Cronin's denial of the Perry petition. That complaint was dismissed on December 21, 1976, and the dismissal was affirmed by this court on appeal. *Perry v. Cronin*, 61 Ill. App. 3d 418.

On September 8, 1976, petitioners in the present cause requested the Regional Superintendent to cause notice of the presentation of the petition to be given as required by the provisions of section 11—6(c) of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 11—6(c)). On the basis of the opinion of the Illinois Office of Education that the Perry petition was still on file by virtue of an appeal, Dr. Mini refused to take further action on the petition filed by plaintiffs herein. On September 28, 1976, plaintiffs filed their complaint for writ of mandamus requesting the writ issue to the Regional Superintendent commanding him to issue notice of hearing according to the applicable statutes. On December 21, 1976, the trial court found that because the Perry petition included part of the territory described in the present petition, the Regional Superintendent was precluded from acting upon the second petition so long as the Perry petition was still pending. The circuit court therefore denied plaintiffs motion for summary judgment and dismissed the complaint for writ of mandamus and this appeal followed.

Various statutory provisions are essential to the issues presented for review. Section 11—6 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 11—6) provides in part:

"a)* * *

The regional superintendent shall not accept for filing hereunder any petition which includes therein any territory already included as part of the territory described in another petition filed hereunder. Hearings on a petition filed hereunder shall not be commenced so long as any part of the territory described therein shall include territory described, whether by amendment or otherwise, in another petition filed hereunder.

(b) * * *

Upon petition being filed, the regional superintendent shall first determine if the petition is in the pleading form as herein required. If the regional superintendent determines that the petition is in proper form he shall then proceed with notice of the presentation of the petition as hereinafter set forth.

* * *

(e) * * *

* * *A decision of the regional superintendent or Superintendent of Public Instruction denying or approving the petition whether made prior or subsequent to the effective date of this Act, shall be a final decision, from which no review or appeal shall be had or taken."

At issue is whether the Perry petition remained on file within the meaning of subsection (a) after the decision of Dr. Cronin denying that petition. Plaintiffs contend that by virtue of the language of subsection (e) prohibiting review or appeal, once a petition is denied by the State Superintendent of Education, that petition is no longer on file and hence not a bar to filing and maintaining another petition, such as the one in this case. Defendants respond arguing that because a complaint for common law writ of certiorari may be issued to review the decision of Dr. Cronin denying the first petition, the first petition is still pending. According to defendants, the Perry petition was still on file and since the applicable statutes do not permit further proceedings in such cases, plaintiffs do not have a clear and undeniable right to a writ of mandamus. We are not persuaded by defendants' arguments.

In *Thompson v. Cronin*, 48 Ill. App. 3d 752, 363 N.E.2d 175, this court concluded that because section 11—6(e) prohibited review or appeal from the decision of the State Superintendent of Education denying or approving a petition for the organization of a community unit school district, a writ of certiorari was not available as a means to review that decision. In *Perry v. Cronin*, 61 Ill. App. 3d 418, this court adhered to its opinion in *Thompson*. As stated earlier, *Perry v. Cronin* involved the petition which defendants' argue was still on file at the time plaintiffs' petition was filed in the present cause.

■■ In light of our decision in *Thompson,* we believe it consistent to hold that the Perry petition was no longer on file at the time plaintiffs in this cause filed their petition. If the nonreviewability or finality given to decisions of the Regional Superintendent and the State Superintendent of Education by section 11—6(e) is to have any real significance, further proceedings undertaken after those decisions by unsuccessful parties should not delay or impede the commencement of a new organization proceeding by others. Since no petition was on file when plaintiffs herein filed their petition, they were entitled to have the Regional Superintendent proceed with evaluating their petition according to the applicable statutes.

Apart from arguments premised upon the assertion that the Perry petition was on file when plaintiffs' petition was filed, defendants also maintain that the relief requested by plaintiffs is not available because it seeks to compel performance of discretionary duties by a public official. We do not agree.

■■ Where discretion is conferred on public agents or officers, their acts in the lawful exercise of that discretion cannot be controlled by mandamus (26 Ill. L. & Prac. *Mandamus* §52 (1956)), but as was aptly stated in *People ex rel. McGrady v. Carmody,* 104 Ill. App. 2d 137, 141, 243 N.E.2d 19, 22:

> "Mandamus will lie in a proper case to compel an officer to proceed with the exercise of discretion but not to compel him to act in a certain manner while exercising the discretion."

In *People ex rel. Killeen v. Kankakee School District No. 11,* 48 Ill. 419, 270 N.E.2d 36, plaintiff had requested a writ of mandamus to compel the Board of Education for Kankakee School District No. 111 to submit to the voters at the next election a question of "organizing under the general school laws." In affirming the trial court's decision to award the writ, the court stated:

> "*Mandamus* is an appropriate remedy, under proper circumstances, to compel the governing body of a school district to call an election. 'Where an officer or board is under a clear ministerial duty to give notice of, and to order, an election, or to perform any other specific act in connection with the calling of an election, mandamus is an appropriate remedy to compel the performance of that duty in the manner prescribed by law.' 26 I.L.P., *Mandamus,* sec. 75." 48 Ill. 2d 419, 425, 270 N.E.2d 36, 39.

Whether or not plaintiffs ultimately attain their goal of having an election on the question of organizing a community unit school district is not for this court to determine, but plaintiffs are entitled to have their petition acted upon by the Regional Superintendent according to the applicable statutes. From the record, it is apparent Dr. Mini ceased to

take any action whatsoever on plaintiffs' petition because of an erroneous interpretation of the law concerning the status of the Perry petition. It is also evident that the trial court denied the writ for similar reasons, reasons which we have heretofore held insufficient. We believe that plaintiffs have demonstrated a clear and undeniable right to the issuance of a writ of mandamus.

For the foregoing reasons the judgment of the circuit court of La Salle County is reversed and the cause remanded with directions to issue a writ of mandamus directing the defendant, Dr. Joe Mini, to proceed according to law in a manner consistent with the views expressed herein.

Judgment reversed and remanded.

BARRY, P. J., and SCOTT, J., concur.