BERTHA LAWING, Plaintiff-Appellant, v. THE CHICAGO TRANSIT AUTHORITY, Defendant-Appellee.

First District (5th Division)   No. 84—0901

Opinion filed March 21, 1986.

Mitchell Ware and Frank M. Grenard, both of Jones, Ware & Grenard, of Chicago, for appellant.

Jean M. Golden and Joseph A. Giannelli, both of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff brought an action for damages against defendant for injuries sustained in a fall while exiting one of defendant's buses. Following a jury trial in the circuit court of Cook County, a verdict was rendered in favor of defendant. On appeal, plaintiff contends that the court erroneously (1) allowed the testimony of the police officer who questioned her at the hospital subsequent to the accident; (2) denied her second motion to amend her complaint to conform to proofs at trial; and (3) allowed defense counsel to deliver a highly prejudicial closing argument which contained derogatory remarks against her counsel and referred to matters that had been excluded by the court on a motion *in limine*.

We affirm.

On November 8, 1981, plaintiff, a passenger on a CTA bus, was injured when she fell on the sidewalk curb as she alighted from the vehicle on one of its regularly scheduled stops. Plaintiff first filed a one-count complaint against defendant CTA claiming that its driver, Jesus Davila, had allowed the bus, on which she was a passenger, to lurch forward while her right foot was still on the bottom step of the vehicle. According to plaintiff, it was this sudden and unexpected movement that caused her to be thrown to the pavement and to sustain serious injury. A hospitalization case report of the accident was filled out by Chicago police officer Lawrence Bartoli at the time plaintiff received treatment for her injuries.

At the deposition of the bus driver, Jesus Davila, defendant's counsel produced a photograph of the intersection where the accident occurred and plaintiff's counsel, at that time, made a xerox copy of said photo.

On January 27, 1984, two days after trial had commenced and the testimony of plaintiff and several other witnesses had been heard, plaintiff requested and was granted leave of court to amend her complaint to allege negligence on the part of the bus driver in operating the vehicle.

Shortly thereafter, following the close of her case in chief, plaintiff once again sought leave to amend her complaint by including an additional count alleging that the CTA bus driver had been negligent in failing to warn plaintiff of the dangerous and deteriorating condition of the sidewalk in or about the area she exited the bus. Plaintiff claims it was only after defendant's counsel opening statement (where reference was made to the fact that the sidewalk in the area of the accident was in disrepair), and Davila's cross-examination (where it was revealed that he had known about the condition of the sidewalk for approximately 1½ to 2 years, but had failed to warn her about the condition before she alighted from the bus) that she first became aware of the condition of the sidewalk, thereby necessitating that she amend her complaint to conform to the newly revealed evidence.

The trial court denied plaintiff's motion to amend her complaint to add another count on the basis that (1) it was untimely, since photos of the scene showing the condition of the pavement had been available to her counsel prior to trial and sufficient time had been thus provided to file a second count, and (2) there was no evidence to support a claim that she fell because of the condition of the sidewalk. Plaintiff nonetheless maintained that the photocopies of the scene that were furnished prior to trial did not show the deteriorated condi-

tion of the sidewalk.

During the trial, police officer Bartoli was called to testify as one of defendant's witnesses. At this time, defense counsel requested that the police hospitalization report, which the officer had filled out while plaintiff was being treated for her injuries, be marked as one of defendant's exhibits. Defense counsel then told the officer to feel free to refer to the report if he needed to refresh his recollection. At no time, however, was the witness asked whether, in fact, he needed the report to aid his memory with regards to the events in question. Defense counsel proceeded to question Officer Bartoli as to admissions made by plaintiff during their conversation at the hospital on the day she was injured. Plaintiff's counsel made no attempt to object to Officer Bartoli's testimony and subsequently cross-examined him extensively.

During defense counsel's closing argument, mention was made of the fact that plaintiff had brought a prior lawsuit against the CTA in 1977 for personal injuries. This matter had been previously excluded by the court on a motion *in limine*. Plaintiff's counsel's objections, however, were overruled by the trial court.

Following the trial and upon deliberation, the jury returned a verdict in defendant's favor. Plaintiff then moved for judgment notwithstanding the verdict, or a new trial. According to plaintiff, three factors weighed in favor of a new trial: (1) the use made of the police report by defense counsel and the lack of any showing of necessity for its use; (2) the court's denial of leave to amend the complaint to add another count when the new evidence adduced at trial was relied upon by defense counsel in his opening statement and closing argument; and (3) the prejudicial and improper statements made by defense counsel against plaintiff's counsel at closing argument.

The trial court denied plaintiff's motion noting, among other things, that the xerox copies of the scene of the accident made available to plaintiff's counsel prior to trial showed the same deteriorated condition of the curbing and sidewalk as defense counsel's original photos, and that these copies gave sufficient notice of the condition of the pavement to have alerted plaintiff to act sooner. Plaintiff appeals from the jury verdict, requesting that it be reversed or, alternatively, that a new trial be granted.

OPINION

■■ Plaintiff first contends that the use of the hospitalization report and Officer Bartoli's testimony improperly prejudiced her cause. The prejudicial error with respect to the use of the report and the tes-

timony elicited therefrom is, according to plaintiff, two-fold: (1) defendant allowed an inadmissible police report to be exhibited and read from a fully uniformed police officer witness on direct examination as if the report were admissible evidence; and (2) defendant failed to lay the required evidentiary foundation for any permitted use of the document to either refresh the witnesses' memory, or to serve as any record of past recollection. Further impropriety is claimed on the basis that defense counsel and the witness allegedly "waved" the police report before the jury, a conduct so prejudical as to prevent plaintiff from receiving a fair trial.

Defendant not only maintains that plaintiff's allegations are wholly unsupported by the record, but that, even if there was error, plaintiff is now precluded from raising it on appeal because she failed to make a timely objection.

It is well settled that an objection to the introduction of evidence must be made at the time of its admission or it will be considered waived. (*Jacobs v. Holley* (1972), 3 Ill. App. 3d 762, 279 N.E.2d 186; *Schaffer v. Dorsey* (1966), 70 Ill. App. 2d 390, 217 N.E.2d 19.) The law does not allow parties to lawsuits to sit by and permit allegedly improper evidence to be introduced without objection and then claim error on appeal. (*In re Fisher's Estate* (1951), 409 Ill. 420, 100 N.E.2d 564; *Fornoff v. Parke Davis & Co.* (1982), 105 Ill. App. 3d 681, 434 N.E.2d 793.) Further, since a foundation defect may be corrected by the adverse party during the course of trial if it is pointed out, the timeliness requirement is especially relevant to objections made on the basis of lack of proper foundation. (*Kapelski v. Alton & Southern R.R.* (1976), 36 Ill. App. 3d 37, 343 N.E.2d 207.) Thus, a party who fails to make an objection based on foundation may not subsequently, after an adverse verdict, attempt to use the alleged lack of foundation as a basis for reversal on appeal. *Greig v. Griffel* (1977), 49 Ill. App. 3d 829, 364 N.E.2d 660.

■ Although it appears from the record that defendant failed to lay the proper foundation prior to using the police report, plaintiff's counsel admittedly did not object either to Officer Bartoli's testimony or to the improper use of the hospitalization case report. In fact, the record shows that the witness was subsequently cross-examined extensively. It is inconsequential to our determination that plaintiff objected to the use of the report in her motion for a new trial after a verdict was entered in defendant's favor. A party cannot attempt to preserve error by first raising his objections in a post-trial motion and then on appeal. (*Brumley v. Federal Barge Lines, Inc.* (1979), 78 Ill. App. 3d 799, 396 N.E.2d 1333.) We further find no merit in plaintiff's

attempts to exculpate herself from making a timely objection based in improper foundation on the fact that she wished to avoid further prejudice or, as raised by counsel for the first time in oral arguments, that there was confusion as to which attorney was going to make objections.

■ Plaintiff lastly urges us to look upon her case as falling within the exception to the general rule governing waiver since the conduct engaged in by defense counsel and witness was allegedly so prejudicial as to prevent her from receiving a fair trial. However, there is nothing in the record to support plaintiff's allegations that defense counsel and Officer Bartoli "waved" the subject report before the jury. Since no evidence exists that such conduct took place during trial, we must reject plaintiff's contention that error should be entertained upon review, notwithstanding her failure to make an objection.

Having determined that any alleged error was waived by the failure to make a timely objection, we next turn to the issue of whether the trial court erred by refusing to allow plaintiff to amend her complaint to conform to proof.

■ The decision to grant or deny leave to amend is vested in the sound discretion of the trial court. (*Perry v. Cronin* (1978), 61 Ill. App. 3d 418, 377 N.E.2d 1321; *Corwin v. Rheims* (1945), 390 Ill. 205, 61 N.E.2d 40.) This discretion is broad and will not be upset absent a clear and manifest showing of abuse. *Lake County Forest Preserve District v. Frecska* (1980), 85 Ill. App. 3d 610, 407 N.E.2d 137; *Mundt v. Ragnar Benson, Inc.* (1975), 61 Ill. 2d 151, 335 N.E.2d 10.

There are several established guidelines which a trial court may consider in determining when denial of a motion to amend is appropriate. These considerations include: (1) whether there were previous opportunities to amend; (2) whether the record shows no valid reason for the failure to make a timely amendment; and (3) whether the amendment is prejudicial or would alter the nature of proof required to defend the action. *Ennis v. Illinois State Bank* (1969), 111 Ill. App. 2d 71, 248 N.E.2d 534.

In the instant case, plaintiff was given previous opportunity to amend when, on the fourth day of trial, she requested and was granted leave to amend her complaint to narrow the issue to whether the driver negligently caused the bus to move or jerk. Moreover, plaintiff had no apparent valid reason for not moving to amend her complaint on the alleged "failure to warn" issue prior to trial. Plaintiff's counsel was shown the original photographs of the scene of the accident at the deposition of Mr. Davila. He was, at that time, allowed to make a photocopy of said photograph. The deposition of Mr. Davila

took place a year prior to trial, affording plaintiff ample opportunity to study the photograph and put him on notice of the allegedly defective condition of the pavement.

We find no merit in plaintiff's argument that her counsel never had the original photograph in his possession long enough to discriminate such details. Further, there is nothing in the record to support plaintiff's contention that the xerox copy made by counsel was indistinct and failed to reveal the true condition of the curb and sidewalk where the accident occurred. We agree with defendant that even if there had been insufficient time to study the original photo and the copy derived therefrom inaccurately represented the deteriorated condition of the pavement, plaintiff still had the opportunity to question Mr. Davila about these pictures, his knowledge of the condition of the sidewalk and any other matters relative to this case at his deposition.

Finally, there seems to be no evidence in the record to support the additional theory that plaintiff sought to advance in her complaint through her amendment. Neither plaintiff nor Mr. Davila testified that plaintiff fell on a portion of the sidewalk which was in disrepair. While Mr. Davila in referring to his report did describe the general condition of certain parts of the pavement where plaintiff alighted from the bus as "crumbling" and "deteriorating," he did not state that plaintiff fell because of the disrepair in the sidewalk.

■■ ■ In order to permit an amendment allegedly to conform to proof, the proof already produced must support the amendment. (*Ennis v. Illinois State Bank* (1969), 111 Ill. App. 2d 71, 248 N.E.2d 534; see also *Friestedt v. Chicago Transit Authority* (1970), 129 Ill. App. 2d 153, 262 N.E.2d 771.) In denying plaintiff leave to amend her complaint, the trial court concluded that there was insufficient evidence submitted on the issue in question to allow plaintiff to amend her pleadings to conform to proof. The conclusion of the trial court that there is no evidence to support a claim that plaintiff fell because of the condition of the sidewalk is not contrary to the manifest weight of the evidence. Accordingly, the court's ruling was not error.

■ The final issue raised by this appeal is whether defense counsel's closing argument was so improper and prejudicial as to have cost plaintiff a fair trial. It is first argued that unwarranted characterizations of counsel for plaintiff served to arouse the passion and prejudice of the jury, thereby resulting in a verdict for defendant. This was allegedly accomplished by personally attacking counsel and unfairly charging that he "structured" the testimony of the case as well as distorted and maximized plaintiff's damages.

In determining whether or not a party has been denied a fair trial

based on arguments to the jury, the permissible character and scope of such argument is largely left to the trial court. Every reasonable presumption must be indulged that the trial court has performed its duty and properly exercised the discretion vested in it. (*Enloe v. Kirkwood* (1970), 120 Ill. App. 2d 117, 256 N.E.2d 459.) The trial judge's determination will not be disturbed unless there has been a clear abuse of discretion. (*Lopez v. Galeener* (1975), 34 Ill. App. 3d 815, 341 N.E.2d 59.) The reasoning behind vesting the trial court with such broad discretion stems from the notion that the court is in a much better position to judge the prejudicial effect, if any, of counsel's conduct. *Martin v. Kralis Poultry Co.* (1973), 12 Ill. App. 3d 453, 297 N.E.2d 610.

■ In the instant case, the trial judge was very familiar with the conduct of counsel for both plaintiff and defendant at all times during trial, including closing argument. He not only had the opportunity to hear firsthand all of the testimony and arguments, but also observed the parties and their counsel at length and gauged their credibility and effect on the jury. In addition, the trial judge was put on notice and was able to consider plaintiff's charges regarding the alleged improper conduct of defense counsel in a post-trial motion. In the end, it was concluded that plaintiff had received a fair trial in this case. We see no reason to overturn his decision. There are no statements or remarks in the subject closing argument that, when read in context, appear to fall outside the confines of the perimeters allowed by law. Since the record supports the judge's decision, we reject plaintiff's contention that the statements made by defense counsel during closing argument were so inflammatory as to warrant reversal of the jury's verdict.

More important to the issue of impropriety is plaintiff's charge that defense counsel in his closing argument misstated evidence and argued matters which had been previously excluded by the court on a motion *in limine*. Specifically, it is contended that it was improper for defense counsel to argue to the jury that plaintiff had filed a prior personal injury lawsuit. It is further maintained that because there was no evidence of this before the jury, defense counsel's remarks amounted to a misstatement of the evidence.

We need not dwell on the issue of misstatement since the record clearly shows that, in response to a question by her own counsel, plaintiff specifically stated that she filed a previous suit against the CTA. Plaintiff's argument that there was no evidence of the prior suit before the jury is, therefore, without merit.

■ With regards to the statement by defense counsel in his clos-

ing argument that plaintiff "had a prior lawsuit for personal injuries back on the stand back in 1977," we do not find this remark to constitute prejudicial error since it was not used to speculate about plaintiff's prior injuries and to relate those to any current suffering or condition she might have. Moreover, even if reference to the prior lawsuit were to be construed as error, it can be deemed nothing but harmless error, because the ruling of the judge on the motion *in limine* sought to exclude the matter solely from plaintiff's cross-examination rather than from counsel's closing argument. We therefore reject plaintiff's allegations that reversal of the jury's verdict is warranted on this basis.

The judgment of the trial court is affirmed.

Affirmed.

SULLIVAN, P.J., and MURRAY, J., concur.