THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
SHARON STRASBAUGH, Defendant-Appellant.

Fourth District   No. 4—89—0668

Opinion filed March 8, 1990.—Rehearing denied April 5, 1990.

Daniel C. Lanterman, of Gramlich Law Offices, P.C., of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

This is an appeal by defendant Sharon Strasbaugh from an order of the circuit court of Sangamon County denying defendant's petition to rescind the statutory summary suspension of defendant's driver's license. On May 22, 1989, traffic citations were issued against defendant for failure to reduce speed to avoid an accident (docket No. 89—T—13528) and for driving while under the influence of alcohol (docket No. 89—T—13529) (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—601(a), 11—501(a)(3)). On May 24, 1989, a law-enforcement sworn report was filed indicating that on May 29, 1989, a notice of a six-month summary suspension of driving privileges was issued to defendant for refusing to submit to or failing to complete chemical testing. The notice further provided that if defendant was determined not to be a first offender, suspension will be for a minimum of 12 months. On the report, arresting officer Robert D. Byrne of the Springfield police department explained his reasonable grounds for believing defendant was driving under the influence as follows:

"Subject ran into the rear of a moving vehicle. Had a strong odor of alcohol beverage coming from her, seemed very disoriented wobbling and swaying."

On June 5, 1989, a confirmation of statutory summary suspension was filed. This document indicated summary suspension was to become effective July 7, 1989, and last for a minimum of 12 months.

On June 7, 1989, defendant's attorney entered an appearance in the traffic case on behalf of defendant. Also on June 7, 1989, a request for admission of facts was filed pursuant to Supreme Court Rule 216(a) (107 Ill. 2d R. 216(a)) requesting the State to respond

thereto within 28 days. The facts the State was requested to admit were:

"1. At the time my vehicle was stopped, the arresting officer did not have probable cause to believe that I had committed any offense.

2. At the time of my arrest, the arresting officer did not have reasonable grounds to believe that I was driving, or in actual physical control of a motor vehicle upon a highway while under the influence of alcohol.

3. I was not properly warned by the arresting officer that my privileges to operate a motor vehicle would be suspended if I refused to submit to and complete a breath test.

4. I was not advised by the arresting officer that if I submitted to a breath test and the reading was .10 or greater that my privileges to operate a motor vehicle would be suspended.

5. I did not refuse to take a breath test at the request of the arresting officer."

On June 9, 1989, the trial court entered an order directing the State to disclose to defendant's attorney a list of witnesses, copies of written confessions and a list of witnesses thereto, a list of witnesses to oral confessions, evidence negating defendant's guilt, and the results of any scientific tests for the presence of alcohol or drugs in defendant.

On July 11, 1989, defendant filed her petition to rescind statutory summary suspension. As grounds therefore she alleged (1) she was not properly arrested for an offense defined by section 11—501 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501); (2) the arresting officer did not have reasonable grounds to believe defendant was driving or in actual physical control of the motor vehicle while under the influence of alcohol or other drugs; (3) she was not properly warned by the arresting officer pursuant to section 11—501.1(c) of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(c)); (4) she did not refuse to submit to or fail to complete the required chemical tests; and (5) she submitted to the test or tests and the blood-alcohol concentration did not indicate a blood-alcohol concentration of 0.10 or more.

The cause came on for hearing July 28, 1989. On that date, defendant presented a motion for summary judgment based on the failure of the State to respond to the request for admission of facts. The trial judge denied the motion for summary judgment, ruling that Rule 216(a) did not apply to summary suspension cases, and therefore, defendant was not entitled to file a request to admit facts and the

State had no obligation to respond.

The matter then proceeded to hearing. The defendant called Byrne as an adverse witness. Byrne testified no field tests were given to the defendant. He stated she had a strong odor of alcohol, red, watery eyes, her balance was poor, and she could not find her purse at the scene. Defendant had been in a two-car accident, and the front end of the car was heavily damaged. The accident occurred at approximately 11:45 p.m. Byrne acknowledged it is not uncommon for people involved in automobile accidents to be shaken up and unsteady.

The defendant's mother, Dorothy Thein, testified. She stated she had been with her daughter at a restaurant known as Wayne's Red Coach Inn from approximately 7 p.m. to 11 p.m. the night the' defendant was arrested. She stated her daughter's speech, walking, and balance were fine in the restaurant. Thein kissed defendant when Thein left the restaurant at approximately 11 p.m. At that time, Thein did not smell any odor of alcohol on defendant's breath. She did not think defendant was intoxicated.

Miriam Marshall, the defendant's aunt, also testified. She confirmed the defendant and other family members had dinner at Wayne's Red Coach Inn the night of the defendant's arrest. She stated defendant's speech, walking, and balance were fine throughout the evening. Marshall and her husband left the restaurant with the defendant at approximately 11:30 p.m. The defendant's walking was fine at that point. Marshall did not notice anything unusual about the defendant's actions. She did not think the defendant was intoxicated.

The defendant testified she had dinner at Wayne's Red Coach Inn with several family members. She arrived at approximately 7 p.m. and left at approximately 11:30 p.m. During the course of the evening, she had three vodka and Seven Up drinks. Two drinks were before dinner and one drink was after dinner. Defendant testified her car was heavily damaged in the automobile accident and that although she did not seek medical treatment after the accident, she was very shaken up and felt "funny" for several days after it.

The trial court denied defendant's petition to rescind statutory summary suspension. The trial judge stated the testimony of the defendant, her mother and aunt were of no significance in the summary suspension hearing. He ruled the scope of the inquiry was what the officer observed at the scene of the arrest and whether those observations demonstrated reasonable grounds to believe defendant was under the influence of alcohol. The trial court ruled the officer did not have to try to determine if any actions he observed which he thought were indications of intoxication could or might have been related to

the trauma of the accident itself rather than alcohol.

■ ■ The first issue raised by defendant is whether the trial court improperly denied defendant's motion for summary judgment based on the State's failure to answer a request for admission of facts made pursuant to Supreme Court Rule 216. Rule 216(a) states:

"A party may serve on any other party a written request for the admission by the latter of the truth of any specified relevant fact set forth in the request." 107 Ill. 2d R. 216(a).

At the inception of her argument concerning this issue, defendant's brief states "although ordinarily, denial of summary judgment matters are not appealable after a party has proceeded to hearing on the merits, this case presents an exception to that general rule." However, defendant does not explain why this case is an exception to the general rule and cites no authority to support that proposition.

The general rule is that denial of a motion for summary judgment is not appealable (*In re Estate of Luther* (1972), 3 Ill. App. 3d 357, 277 N.E.2d 735 (abstract of opinion)), and if there is a hearing on the merits, there is a merger of issues such that the denial of the motion is not reviewable after judgment is entered. (*Banwart v. Okesson* (1980), 83 Ill. App. 3d 222, 403 N.E.2d 1234.) The denial of a motion for summary judgment may be reviewed on appeal where there has been no evidentiary hearing and the party seeking review of the denial of the motion for summary judgment has done nothing to avoid trial. (See *Cedric Spring & Associates, Inc. v. N.E.I. Corp.* (1980), 81 Ill. App. 3d 1031, 402 N.E.2d 352.) In *Cedric Spring*, the court held that failure to comply with discovery caused the sanction of granting judgment for plaintiff and, therefore, defendant caused the avoidance of trial and could not appeal the denial of defendant's motion for summary judgment. Most cases involving a review of the denial of the motion for summary judgment involve cross-motions for summary judgment and the granting of summary judgment to the opposing party. (See *Novak v. Insurance Administration Unlimited, Inc.* (1980), 91 Ill. App. 3d 148, 414 N.E.2d 258; *Reznick v. Home Insurance Co.* (1977), 45 Ill. App. 3d 1058, 360 N.E.2d 461.) As was pointed out in *In re Marriage of Adams* (1988), 174 Ill. App. 3d 595, 607, 528 N.E.2d 1075, 1081-82:

"The rationale behind the court's refusal to review the denial of a motion for summary judgment appears to be that such review would be unjust to the party that was victorious at trial, which won judgment after the evidence was more completely presented, where cross-examination played its part and where witnesses were seen and appraised. Otherwise, a decision based

upon less evidence would prevail over a verdict reached on more evidence, and judgment would be taken away from the victor and given to the loser despite the victor having the greater weight of evidence. This would defeat the fundamental purpose of judicial inquiry. *Home Indemnity Co. v. Reynolds & Co.* (1962), 38 Ill. App. 2d 358."

Nevertheless, the court in *Adams* reversed the denial of the motion for summary judgment because the motion addressed a factual question which was not addressed in the hearing on the merits.

This case does not fit into an exception to the general rule. The failure of defendant to cite authority to support the proposition that the denial of the motion for summary judgment is reviewable in this case is a waiver of that argument.

■ Moreover, the facts sought to be admitted were the ultimate facts of the case. The traffic citation and the statements on the law-enforcement sworn report clearly constitute a denial of the facts sought to be admitted. So, without deciding whether Rule 216 applies to these types of cases, it is clear that not only had the State already denied the facts sought to be admitted, but the request to admit facts improperly sought the admission of ultimate facts. A request to admit facts is designed to eliminate the need to prove facts which are not in dispute, and it is not appropriate for a party to prove her case by use of this procedure where ultimate facts are fairly disputed. (See Ill. Ann. Stat., ch. 110A, par. 216, Historical & Practice Notes, at 366 (Smith-Hurd 1985); see also *Wintersteen v. National Cooperage & Woodenware Co.* (1935), 361 Ill. 95, 197 N.E.2d 578.) As was stated in *Cedric Spring*, the purpose of discovery sanctions is to compel cooperation rather than to dispose of litigation as a punishment to the other party, and the just result would insure discovery and a trial on the merits unless noncompliance with orders or rules of discovery is unreasonable.

■ ■ The remaining issue to consider is whether the finding of the trial court that the arresting officer had reasonable grounds to believe defendant was operating a motor vehicle while under the influence of alcohol was contrary to the manifest weight of the evidence. Defendant contends the order of the trial court is against the manifest weight of the evidence because the trial court did not consider the extent to which the trauma and shock of the automobile accident contributed to the signs of intoxication observed by the arresting officer. A decision is against the manifest weight of the evidence if, after a review of the evidence, it is clearly evident that the conclusion opposite to the one reached by the trial court was the proper disposition.

(*Stone v. City of Arcola* (1989), 181 Ill. App. 3d 513, 536 N.E.2d 1329.) The trial court, having observed the witnesses, is in a much better position than is this court to assess credibility of witnesses and weigh the evidence. (*In re J.H.* (1987), 153 Ill. App. 3d 616, 505 N.E.2d 1360.) Therefore, reviewing courts generally will not reverse on issues of credibility of witnesses.

Section 2—118.1(b) of the Code limits the scope of the hearing on a petition to rescind to consideration of the following issues:

"1. Whether the person was placed under arrest for an offense as defined in Section 11—501, or a similar provision of a local ordinance, as evidenced by the issuance of a Uniform Traffic Ticket; and

2. Whether the arresting officer had reasonable grounds to believe that such person was driving or in actual physical control of a motor vehicle upon a highway while under the influence of alcohol, other drug, or combination thereof; and

3. Whether such person, after being advised by the arresting officer that the privilege to operate a motor vehicle would be suspended if the person refused to submit to and complete the test or tests, did refuse to submit to or complete such test or tests to determine the person's alcohol or drug concentration; or

4. Whether the person, after being advised by the arresting officer that the privilege to operate a motor vehicle would be suspended if the person submits to a chemical test, or tests, and such test discloses an alcohol concentration of 0.10 or more, and such person did submit to and complete such test or tests which determined an alcohol concentration of 0.10 or more." (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).)

In this appeal, the challenge to the sufficiency of the evidence is only directed at section 2—118.1(b)(2). Had there been evidence that defendant was not driving the vehicle, as in *People v. Wireman* (1989), 181 Ill. App. 3d 385, 536 N.E.2d 1346, then rescission of the suspension would have been appropriate. But that was not the evidence here. Nor was the trial court required to find incredible the testimony of defendant's witnesses. It may well have been that defendant's witnesses, who had been at the restaurant with her, did not observe any signs of intoxication, but that a short time later such signs were noted by the arresting officer. Except for defendant and the police officer, none of the witnesses were present at the scene of the accident or the police station. Defendant testified she was shaken up after the accident. Nevertheless, the trial court found that there

were sufficient reasonable grounds for the police officer to believe that defendant was driving or in actual physical control of a motor vehicle upon a highway while under the influence of alcohol to ask her to submit to a test. See *People v. Bafia* (1983), 112 Ill. App. 3d 710, 445 N.E.2d 878.

Based on the record, a contrary result is not more appropriate than the determination of the trial court. Therefore, the order of the circuit court of Sangamon County is affirmed.

Affirmed.

LUND and STEIGMANN, JJ., concur.