THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. BARBARA MINDHAM, Defendant-Appellee.

Second District   No. 2—92—0456

Opinion filed December 6, 1993.—Rehearing denied January 19, 1994.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and William L. Browers and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

James O'Dea, of Palos Hills, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

In January 1992, the defendant, Barbara Mindham, was charged with two counts of driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1991, ch. 95½, pars. 11—501(a)(1), (a)(2) (now 625 ILCS 5/11—501(a)(1), (a)(2) (West 1992))), and disobeying a traffic control device (Ill. Rev. Stat. 1991, ch. 95½, par. 11—305(a) (now 625 ILCS 5/11—305(a) (West 1992))). These charges arose from the defendant's arrest on January 8, 1992, and the record discloses that a confirmation of a three-month statutory summary suspension of the defendant's driving privilege was issued to her as a first offender.

The State appeals, contending that the trial court erred in considering as admitted the defendant's unanswered written request for the admission of certain facts under Supreme Court Rule 216 (134 Ill. 2d R. 216) and in finding that the defendant's summary suspension should be rescinded. We affirm.

Under Rule 216, a party may serve on another party "a written request for the admission by the latter of the truth of any specified

relevant fact set forth in the request." (134 Ill. 2d R. 216(a).) Each of the matters of fact requested to be admitted "is admitted unless, within 28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part. *** Any objection to a request or to an answer shall be heard by the court upon prompt notice and motion of the party making the request." 134 Ill. 2d R. 216(c).

Defendant filed her "Request to Admit" on January 21, 1992. In the request, the defendant sought to have admitted 10 statements which are purported to be statements of fact. The defendant raised the issue of the admission of facts before proceeding with the summary suspension hearing held on February 21, 1992. At the hearing, the defendant tendered the original request and the certificate of service. The State conceded that it did not respond to the request to admit, made no formal objection to the use of the admissions or to the service upon it, and did not request additional time to respond to the request. Instead, the State elected to proceed with the hearing, and the defendant stood on her request to admit.

The State's witness, Officer Scott Pavlock of the Addison police department, testified regarding the stop of the defendant on January 8, 1992, over the defendant's objections that the facts leading to the stop were admitted. Pavlock observed that defendant's vehicle was traveling eastbound through a gas station at the intersection of Lake Street and Mill Road. The car traveled over a raised median and, instead of turning left, turned northbound on Mill Road in the left turn lane, entered the intersection and continued in the northbound lane of Mill Road. Pavlock saw the vehicle weave several times and travel through two stop signs, slowing down at each stop sign.

Pavlock stopped the defendant's vehicle and asked for her driver's license. After fumbling or shuffling through some papers, the defendant located and presented her license. Pavlock observed a strong odor of alcohol; the defendant's eyes appeared bloodshot, glassy and watery, and her speech appeared slurred. In response to Pavlock's questions, the defendant stated she had had three glasses of wine. As she exited the vehicle, she staggered and was unable to

walk straight ahead. After conducting field sobriety tests, Pavlock placed her under arrest for DUI.

Pavlock further stated that, at the police station booking room, he read the "Warning to Motorists" verbatim to the defendant and did not add or delete anything. He gave her a copy of the warning. The defendant later took the test whose result showed a blood-alcohol concentration of 0.13.

Defense counsel refused to cross-examine the witness so as not to waive the use of the admissions. (See *Magee v. Walbro, Inc.* (1988), 171 Ill. App. 3d 774, 780.) The State rested.

The trial court deemed the facts in the request admitted into evidence and, upon considering the evidence including that presented by the State, ruled that the defendant's summary suspension must be rescinded on the third ground (of three grounds) specified in the petition to rescind, namely, whether the defendant had been (properly) advised by the arresting officer that her privilege to operate a motor vehicle would be suspended if she refused to submit and complete a test or tests and whether she refused to submit to or complete such a test or tests. Just prior to the ruling, the defendant argued that statement No. 10 in the request was dispositive because it was deemed admitted and that statement was made by the officer in addition to the warning to motorists which the officer claimed to have read to the defendant. Item No. 10 in the request to admit reads: "That the officer when warning the Defendant, stated that Defendant's driving's license would be suspended for one year if Defendant refused to submit to breath testing."

The court's written order granting rescission states: "Improper warning given." The State filed a motion to "reconsider" arguing for the first time that the request to admit should have been deemed denied by virtue of the traffic citations and the statements in the law officer's sworn report; the State further argued that the factual statements in the request were improperly admitted because they consisted of "ultimate facts" which were "fairly disputed." The State relied on *People v. Strasbaugh* (1990), 194 Ill. App. 3d 1012. On March 19, 1992, the trial court denied the State's motion, noting that its ruling relied "on one aspect of the Request to Admit and not the ultimate issues." This timely appeal followed.

On appeal, the State argues that the court's ruling was erroneous because the admissions requested "clearly went to ultimate issues." In addition to item No. 10, the request to admit contained the following items:

"1. That on or about Jan. 8, 1992, Defendant Barbara A. Mindham was arrested and charged with driving under the influence of alcohol, driving with a blood alcohol concentration of .10 or more, and disobeying a traffic control device.

2. That the officer effectuating the initial stop of Defendant's vehicle did so based upon his observation of the Defendant's vehicle driving into and out of a closed gas station parking lot, located at the intersection of Mill and Lake Street in Addison, IL.

3. That as the Defendant approached the intersection of Mill and Lake streets, the traffic control device for traffic traveling in Defendant's direction was green.

4. That prior to entering the gas station parking lot, Defendant had been traveling eastbound on Lake Street.

5. That Defendant drove into the gas station parking lot, and emerged traveling northbound on Mill Street.

6. That Defendant stopped for a red traffic signal for northbound Mill Rd. traffic.

7. That after the aforementioned light turned green, Defendant began to drive northbound on Mill Rd.

8. That Defendant's actions were not in violation of any law of the State of Illinois, or any local ordinance.

9. That the Defendant's actions were not probable cause to effectuate a traffic stop."

The State contends that item Nos. 3, 6, 7, 8, 9, and 10 all "go to the ultimate issues that would be addressed in a hearing to rescind a statutory summary suspension." The State further argues that, under *Strasbaugh*, the traffic citations and the officer's sworn report act as an immediate denial of the facts raised in the request to admit and that this procedure should not be used where "ultimate facts are fairly disputed." *Strasbaugh*, 194 Ill. App. 3d at 1017.

Notwithstanding the State's arguments that the trial court improperly admitted into evidence the factual matters in the request to admit, we affirm the trial court's decision for reasons that we will explain further. First, the State ignores the procedural posture of this case on appeal. Second, the State reads *Strasbaugh* too expansively and appears to rely on dictum found in that case.

■■ A statutory summary suspension hearing is civil in nature and proceeds in the same manner as other civil proceedings. (*People v. Gerke* (1988), 123 Ill. 2d 85, 93.) The provisions allowing for requests to admit are well established and have been said to apply in

all civil actions unless there is a special statute to the contrary. (*Wintersteen v. National Cooperage & Woodenware Co.* (1935), 361 Ill. 95, 109-10.) The purposes of these provisions are to expedite litigation, to obviate the difficulty and expense in procuring evidence, and to compel an admission by the adverse party of evidence which is generally of incontrovertible character. (*Wintersteen*, 361 Ill. at 108, 110.) Rule 216 enables "the parties and the court to limit the issues and to reduce the production of unnecessary proof at trial." *Smoot v. Knott* (1990), 200 Ill. App. 3d 1082, 1097-98.

■ An admission pursuant to a request to admit operates as a judicial admission which is binding and is considered incontrovertible. (*Rosbottom v. Hensley* (1965), 61 Ill. App. 2d 198, 215.) A judicial admission in turn is defined as "a formal act of the party or his attorney in court, dispensing with proof of a fact claimed to be true and is used as a substitute for legal evidence at the trial." (*Rosbottom*, 61 Ill. App. 2d at 215.) It has even been stated that judicial admissions " 'are not evidence at all but rather have the effect of withdrawing a fact from contention.' " *Brummet v. Farel* (1991), 217 Ill. App. 3d 264, 267, quoting M. Graham, Evidence Text, Rules, Illustrations and Problems, at 146 (1983).

■ Under the modern rule, the effect of ignoring a request to admit is that the matters contained in the request automatically stand admitted. (*Iversen v. Iversen* (1960), 28 Ill. App. 2d 45, 55; see, *e.g., Koca v. Gavin* (1990), 199 Ill. App. 3d 665, 672; *Kismer v. Antonovich* (1986), 148 Ill. App. 3d 508, 510; *Homer G. Dickson & Co. v. Barraza* (1983), 115 Ill. App. 3d 5.) More recently, the strictness of the rule seems to have been mollified to permit the trial court discretion in allowing a party who has failed to respond or object to the request to move for an extension of time to answer for good cause shown. (*Koca*, 199 Ill. App. 3d at 673; see *Smoot v. Knott*, 200 Ill. App. 3d 1082 (and numerous cases cited therein).) However, mere inadvertence in responding or objecting to a request to admit would not ordinarily equate with good cause shown. (See *Smoot*, 200 Ill. App. 3d at 1099.) Thus, in appropriate cases, where a request to admit concerns the central issue in the case and the requesting party cannot show prejudice from a late response, the court may allow a late response. *Thomas v. Village of Westchester* (1985), 132 Ill. App. 3d 190, 194.

■ In the case at bar, the State conceded that it did not respond to the request to admit; it made no specific, formal objection to the use of the admissions or to the service upon it and did not request an extension of time to respond to the request. Instead, af-

ter the hearing was concluded, the State argued that the admissions were improperly admitted. The State failed to avail itself of the proper remedy and acquiesced in conducting the hearing with the factual matters admitted (see *People v. Miller* (1983), 120 Ill. App. 3d 495, 501 (acquiescence to procedure amounts to waiver)). Since the State failed to avail itself of the proper recourse, the State has waived any objection to the propriety or relevance of the admissions requested in the notice. (*Banks v. United Insurance Co. of America* (1975), 28 Ill. App. 3d 60, 63.) The failure to object to the admission of evidence operates as a waiver of the right to consider the question on appeal. (*People v. Carlson* (1980), 79 Ill. 2d 564, 576.) "The law does not allow parties to lawsuits to sit by and permit allegedly improper evidence to be introduced without objection and then claim error on appeal." (*Lawing v. Chicago Transit Authority* (1986), 142 Ill. App. 3d 119, 123.) Neither may a party attempt to preserve error by first raising the objection in a post-trial motion and then on appeal. *Lawing*, 142 Ill. App. 3d at 123.

Even if we reach the merits of the State's argument that the admissions were improperly considered by the trial court, we conclude that the court properly considered the admissions. We also do not find *Strasbaugh* dispositive of the State's contention. Through the use of the procedure to request admissions of fact, "a party is able to ascertain what facts are to be disputed and what may be admitted." (2 S. Gard, Illinois Evidence Manual, Comment, at 277 (2d ed. 1979) (hereinafter Gard).) If the opposing party denies or objects to the existence of the fact, "the party serving the demand is put on notice that his adversary has information which conflicts with his and he may wisely proceed" with further discovery. (Gard, at 277.) Furthermore, the "scope of a request for admissions of fact is not limited except that it must be a clear expression of the fact that is asserted, must not call for conclusions or opinions of law, and must be confined to relevant matters. It need not be confined to ultimate issues." Gard, at 277.

We agree that this procedure should not be used to admit conclusions or opinions of law. (See *Sims v. City of Alton* (1988), 172 Ill. App. 3d 694, 699.) While the use of the procedure to request the admission of controverted facts should be avoided (*Sims*, 172 Ill. App. 3d at 699), it will frequently not be known until the opposing party responds whether a given fact will be controverted. We are not persuaded that, because the facts sought to be admitted "clearly went to the ultimate issues," as the State argues, they were necessarily considered improperly. Rule 216 requires that the

facts sought to be admitted be relevant; therefore, those facts will necessarily go to the "ultimate issues" of the case. Indeed, the cases discussing the court's discretion to allow an opposing party's request for an extension of time to respond require that the facts concern a "central issue in the case." *Thomas v. Village of Westchester*, 132 Ill. App. 3d at 194.

In *Strasbaugh*, a summary suspension case, defense counsel filed a request to admit certain facts which included conclusions of law such as these: that at the time of the stop the arresting officer did not have probable cause to believe that the defendant had committed any offense; that the officer did not have reasonable grounds to believe the defendant was driving while under the influence of alcohol; that the defendant was not properly warned that her privilege to drive would be suspended; and that the defendant did not refuse to take a breath test at the request of the arresting officer. At the hearing, the defendant presented a motion for summary judgment based on the State's failure to respond to the request for admission of facts under Rule 216. The trial court ruled that Rule 216 did not apply to summary suspension cases, that the defendant was not entitled to file such a request, and that the State had no obligation to respond. The cause was then heard on the merits, and the court denied the defendant's petition to rescind.

On appeal, the issues in *Strasbaugh* were (1) whether the trial court improperly denied the defendant's motion for summary judgment based on the request to admit and (2) whether the court's findings were against the manifest weight of the evidence. The reviewing court first held that the denial of a motion for summary judgment was not reviewable under the circumstances, particularly where there was an evidentiary hearing on the merits.

Without deciding whether Rule 216 applied in this type of case and in what appears to be *dictum*, the court went on to add that the facts sought to be admitted were the "ultimate facts of the case." Without citation to authority, the reviewing court concluded that the traffic citation and the officer's sworn report constituted a denial of the facts sought to be admitted and the request improperly sought the admission of "ultimate facts." (*Strasbaugh*, 194 Ill. App. 3d at 1017.) Citing historical and practice notes, the court stated that a "request to admit facts is designed to eliminate the need to prove facts which are not in dispute, and it is not appropriate for a party to prove her case by use of this procedure where ultimate facts are fairly disputed." (*Strasbaugh*, 194 Ill. App. 3d at 1017, citing Ill. Ann. Stat., ch. 110A, par. 216, Historical & Prac-

tice Notes, at 366 (Smith-Hurd 1985).) Finally, the court held that the trial court's determination on the merits was not against the manifest weight of the evidence.

Because of the significant factual differences between the case at bar and those of *Strasbaugh*, we do not find *Strasbaugh* controlling here. First, unlike the factual matters sought to be admitted in the present case (excepting possibly item Nos. 8 and 9 upon which the court did not rely), the facts sought to be admitted in *Strasbaugh* were clearly in the nature of conclusions of law which the court would have to decide after a hearing, *i.e.*, whether the officer had probable cause or whether a warning was properly given. We agree with the comments in *Strasbaugh* concerning "ultimate facts" only to the extent that they suggest that conclusions of law turning on disputed facts should not be included in a request to admit. However, as we have pointed out, it will frequently be unknown to the requesting party beforehand whether a fact will be controverted. To avoid the admission of such facts, the opposing party's remedy is to deny or object to the matters sought to be admitted in conformance with the rule.

Next, statement No. 10 upon which the court relied requested the State to admit or deny whether the officer had made a statement which appears not to have been included in the officer's sworn report or in the traffic citations. Defense counsel argued that the statement was made in addition to the matters contained in those documents. Therefore, those documents could not serve *a priori* as a denial of that statement. Additionally, item Nos. 1 through 7 were factual statements which could readily be admitted or denied as they concerned background facts leading to the arrest of the defendant and do not appear inconsistent with the matters contained in the citations or sworn reports or even the officer's testimony.

Furthermore, since the statements relied on by the court were not clearly and specifically denied by the State's previously filed documents, those documents should not be viewed as responsive to the request to admit. Permitting such previously filed documents to stand as specific denials of the factual matters in the request would not comport with the intent of Rule 216. See *Homer G. Dickson & Co. v. Barraza*, 115 Ill. App. 3d at 8 (specific factual matters in the request to admit were not contained in the complaint, and defendant's answer denying material allegations in the complaint could not be viewed as answer to the request and a denial of the particular facts stated in the request).

We conclude that, by failing to respond or object to the defendant's request to admit or to seek an extension of time to do so, the State waived any objection to the admissions of fact. Additionally, even in the absence of waiver, it was not an abuse of discretion for the trial court to treat as admitted the facts stated in the defendant's request to admit. The State's failure to respond to the request to admit operated as an admission of the facts included in the request, and the admitted facts relied on by the court were not conclusions of law.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

BOWMAN and COLWELL, JJ., concur.