2022 IL App (3d) 200325

Opinion filed March 16, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
|---|---|---|
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) ) | Appeal No. 3-20-0325 Circuit No. 19-DT-700 |
| DAVID A. DARGUZIS, | ) ) ) | |
| Defendant-Appellee. | ) ) | Honorable John J. Pavich, Judge, Presiding. |

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Presiding Justice O'Brien and Justice Holdridge concurred in the judgment and opinion.

**OPINION**

¶ 1        This appeal arises from the State's refusal to respond to a request to admit certain facts pursuant to Illinois Supreme Court Rule 216 (eff. July 1, 2014) in a statutory summary suspension proceeding. The circuit court found that the State's failure to respond to the request to admit facts rendered the facts sought therein admitted. The court then entered summary judgment in favor of defendant, David A. Darguzis, rescinding the statutory summary suspension of his driver's license. The State appeals, arguing that, as a matter of law, the Will County State's Attorney's Office could not respond to a request to admit in this case. We affirm.

## I. BACKGROUND

Officer Michael Michienzi of the Romeoville Police Department arrested defendant in 2019 for driving under the influence (625 ILCS 5/11-501(a)(2) (West 2018)). The citation for driving under the influence states that the traffic stop took place at "Resurrection Cemetery." Defendant refused Michienzi's request to submit to chemical testing. Officers notified defendant that as a result of his refusal to submit to testing, the statutory summary suspension of his driver's license would become effective on August 27, 2019, lasting for a minimum of 12 months.

In August 2019, counsel for defendant moved to rescind the statutory summary suspension. Shortly thereafter, counsel filed a motion requesting leave to serve a request to admit facts under Illinois Supreme Court Rule 216 (eff. July 1, 2014) upon the State.

The circuit court held a hearing on the request for leave to serve the State with a request to admit facts. Defendant's counsel clarified why he was seeking leave to file the motion: "Judge, this happened before and, when I filed the request to admit, [the State] implied that I needed leave of [c]ourt." The State replied, "I am the opposing party, you can serve [the request to admit] on our office ***." The court commented, "All right. I mean, it is civil rules of discovery, local rules." The court granted counsel's request for leave to file the request to admit. Counsel served the request to admit facts on the Will County State's Attorney's Office the same day.

The request to admit sought the State's admission that (1) at the time of defendant's arrest, he was located within Resurrection Cemetery, (2) neither Michienzi nor any other officers observed defendant driving or in actual physical control over a motor vehicle upon a public highway, and (3) all of Michienzi's prearrest observations of defendant occurred on the abovementioned private property.

¶ 7        Within 28 days of the receipt of the request to admit, the Will County State's Attorney's Office filed a motion to strike the request to admit, arguing that it was legally unable to respond to the motion under case law interpreting Rule 216, finding that the signature of an attorney was insufficient, and maintaining that a party or a nonlegal representative of that party must sign. The motion to strike further alleged that the state's attorney represents the State of Illinois but is not the People of the State of Illinois; ergo, the state's attorney is not a party. Rather, the motion contends, the People of the State of Illinois are represented by the Illinois Governor or his designated staff. Accordingly, the state's attorney could not respond. Defendant's counsel argued that the State acquiesced to the service of the request to admit at the hearing on the motion for leave to issue the request to admit.

¶ 8        Following additional motion practice, counsel served an identical request to admit upon Michienzi and the attorney for the Village of Romeoville (Village). The state's attorney filed a motion to strike the request to admit facts upon Michienzi and the attorney for the Village.

¶ 9        A hearing ensued in March 2020. The State argued that case law established that the state's attorney could not sign the request to admit facts, as the state's attorney was not the People of the State of Illinois. Instead, the state's attorney was only its attorney. The State opined that no matter what it did, either fail to respond or provide a legally insufficient signature, the facts contained in the request to admit would be admitted. While the state's attorney has the power to represent the People of the State of Illinois, the state's attorney is not the People of the State of Illinois. The state's attorney did not know how to have "the People of the State of Illinois" sign the request to admit facts, stating that the governor of the state may be required to sign every request to admit issued in statutory summary suspension proceedings. In further support of its argument, the State

noted that federal courts permit attorneys to sign requests to admit, but that Illinois courts do not. See Fed. R. Civ. P. 36.

¶ 10    Defendant's counsel, again, argued that the State acquiesced to service of the request to admit. Noting that the State filed to strike his service upon the officer and the attorney for the Village, counsel rhetorically exclaimed, "[w]ho do I serve?" Counsel argued that the state's attorney is placed in the position of a civil defendant in statutory summary suspension proceedings and, accordingly, was a party.

¶ 11    The trial court noted that in *dicta* in *Skotticelli v. Club Misty, Inc.*, 406 Ill. App. 3d 958, 964 (2010), the appellate court found that a response to a Rule 216 request to admit could be certified by a person with knowledge of the facts sought to be admitted, including the party's attorney. The court further commented that if the request to admit was directed at the State, "I think it has to be answered." The circuit court found that neither Michienzi nor the Village attorney was a party to the proceedings and denied the State's motion to strike the request to admit served upon the Will County State's Attorney's Office. The court provided the State seven days in which to respond to defendant's request to admit facts. The State failed to respond.

¶ 12    The matter proceeded on defendant's motion for summary judgment. At a subsequent hearing, the circuit court deemed admitted the facts sought in the request to admit. As a result, the court granted defendant's motion for summary judgment, rescinding the statutory summary suspension of his driver's license.

¶ 13    The State appeals.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, the State contends that a state's attorney does not have the legal ability to sign on behalf of the People of the State of Illinois in response to requests to admit. The State asserts

that the state's attorney does not have a "tangible physical client," leaving no one to sign a response to a request to admit. Essentially, the State asks that we abolish the use of requests to admit pursuant to Rule 216 by defendant motorists as the defendant in statutory summary suspension proceedings. This appeal presents a question of law that we review *de novo*. See *People v. Gaines*, 2020 IL 125165, ¶ 24.

¶ 16     Initially, we note that defendant declined to file an appellee's brief in this matter. Nevertheless, we decide the merits of this appeal under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (noting that "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal.").

¶ 17     " 'A statutory summary suspension hearing is a civil action where the defendant motorist, as the petitioner, requests the judicial rescission of a suspension, and the State is placed in the position of a civil defendant.' " *People v. Araiza*, 2020 IL App (3d) 170735, ¶ 15 (quoting *People v. Tibbetts*, 351 Ill. App. 3d 921, 926 (2004)). In a civil proceeding, "[a] party may serve on any other party a written request for the admission by the latter of the truth of any specified relevant fact set forth in the request. A copy of the request for admission shall be served on all parties entitled to notice." Ill. S. Ct. R. 216(a) (eff. July 1, 2014). Section (c) of Rule 216 provides:

> "Each of the matters of fact and the genuineness of each document of which admission is requested is admitted unless, within 28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why the party cannot truthfully admit or deny those matters or (2)

written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part." Ill. S. Ct. R. 216(c) (eff. July 1, 2014).

¶ 18 Courts have liberally construed the term "party" within Rule 216, allowing requests to admit to be served upon varying governmental entities. See, *e.g.*, *People v. Mindham*, 253 Ill. App. 3d 792, 797-801 (1993) (Du Page County State's Attorney's Office); *People v. Strasbaugh*, 194 Ill. App. 3d 1012, 1017 (1990) (Sangamon County State's Attorney's Office); *Thomas v. Village of Westchester*, 132 Ill. App. 3d 190, 192 (1985) (the Village of Westchester and corresponding Board of Local Improvements). The rule allowing requests to admit is well established and applies in all civil actions, absent a statute laying out a procedure to the contrary. *Mindham*, 253 Ill. App. 3d at 796-97 (citing *Wintersteen v. National Cooperage & Woodenware Co.*, 361 Ill. 95, 109-10 (1935)).

¶ 19 The circuit court in this case properly declined the motion to strike the request to admit served upon the Will County State's Attorney's Office. Below, the State argued that the governor or his designated staff would have to respond to the request to admit. On appeal, the State contends that there is no one that could respond to the request admit. We find the variance in the State's arguments revealing.

¶ 20 While the Governor of the State of Illinois possesses the supreme executive power and is responsible for the faithful execution of the laws (Ill. Const. 1970, art. V, § 8), "[t]he State's Attorney's office is part of the executive branch of government, and that office exercises executive powers." *People ex rel. Daley v. Suria*, 112 Ill. 2d 26, 37 (1986). As a representative of the People of Illinois, the state's attorney has the duty to prosecute all criminal actions, and it is within the exclusive discretion of that office to choose which crimes to charge and then to seek disposition

of the crimes so charged. *Id.* Put another way, "when the State's Attorneys perform their roles as prosecutors, they are members of the executive branch of government." *People ex rel. Madigan v. Snyder*, 208 Ill. 2d 457, 479 (2004) (citing *Suria*, 112 Ill. 2d at 37). The state's attorney does not consult with a tangible client before making prosecution decisions, but is instead, by statute, required "[t]o commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal *** in which the people of the State or county may be concerned." 55 ILCS 5/3-9005 (a)(1) (West 2020).

¶ 21　　　Here, the state's attorney has the authority to respond to the request to admit pursuant to the executive authority vested in the office. The State averred in its pleadings in the circuit court that the People of the State of Illinois are represented by "the Illinois Governor or his designated staff." The State argued that service upon the Governor of Illinois of the request to admit would be proper. As explained above, state's attorneys are members of the executive branch, making the state's attorney the designated staff appropriate to respond to a request to admit. This is demonstrated by the State's own admission that the governor would have no knowledge of the events in this matter and, thereby, would be unable to respond. Given this concession, it is curious that the State would advocate for a system where a defendant would serve the governor with a request to admit, only for the request to be referred back to the appropriate state's attorney. There is no need for this unnecessary complication.

¶ 22　　　The State relies on precedent interpreting Rule 216, finding that a response sworn to by a party's attorney and not the party fails to comply with Rule 216. See, *e.g.*, *In re Application of the County Treasurer & ex officio County Collector*, 2012 IL App (1st) 112897; *Coleman v. Akpakpan*, 402 Ill. App. 3d 822 (2010). The State primarily relies on *Brookbank v. Olson*, 389 Ill. App. 3d 683 (2009), in arguing the state's attorney is legally incapable of responding. In *Brookbank*, the

plaintiff served a request to admit on the defendant. *Id.* at 684. Defense counsel was unable to locate her client and, in defendant's absence, timely responded to the request to admit, stating an inability to locate or contact the defendant. *Id.* The circuit court denied the plaintiff's motion to strike the response as well as the corresponding request to deem the matters sought within the request admitted. *Id.* at 685. The court then allowed a certified question to the appellate court, seeking clarification on whether the court had discretion to allow a response to a request to admit from counsel and not "the party." *Id.* at 685, 687.

¶ 23    A divided appellate court answered the certified question in the negative after reviewing *Moy v. Ng*, 341 Ill. App. 3d 984 (2003), *overruled in part by Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334 (2007). The *Moy* court relied on the plain language of Rule 216 and prior precedent in finding that only a response by a party was sufficient. *Moy*, 341 Ill. App. 3d at 989. The *Brookbank* court followed *Moy*, finding that the rules governing requests to admit requires a response by a party, not by its attorney. *Brookbank*, 389 Ill. App. 3d at 686-87.

¶ 24    The dissent in *Brookbank* asserted that "the majority's mandate that the sworn statement be made by the party 'has no support in the language of Rule 216.' " *Id.* at 690 (Coleman, J., dissenting) (quoting *Vision Point*, 226 Ill. 2d at 355). The dissent also found that "[a] reading of *Vision Point* in concert with the language of section 1-109 [(735 ILCS 5/1-109 (West 2006))] compels the conclusion that Rule 216 responses may be certified by any individual with knowledge of the facts at issue, whether that individual is a party or her attorney." *Id.*

¶ 25    *Brookbank* and the other cases that came to the same holding are distinguishable from the situation we face here. Unlike *Brookbank* and the other collected cases, the state's attorney was not retained by a client in a purely civil context only for the client to then vanish and remain out of communication. There is no client that the state's attorney needs to confer in order to obtain the

information sought in the request to admit. The state's attorney is already in possession of these facts as a result of the underlying criminal prosecution, or knowledge of those facts would be held by those within the reasonable control of the state's attorney.

¶ 26 Further, the statute describing the duties of the state's attorney makes clear there is a duty to perform additional responsibilities as described by law. See 55 ILCS 5/3-9005(a)(11) (West 2020). The obligation to make a reasonable effort to secure answers to requests to admit from persons and documents within the state's attorney's reasonable control is one of those additional responsibilities. See *HSBC Bank USA, National Ass'n v. Rowe*, 2015 IL App (3d) 140553, ¶ 29. Given that the state's attorney is vested with executive authority and possesses the information sought in these types of requests, we see no merit to the argument that the state's attorney cannot legally respond. Furthermore, there is no express prohibition against the use of requests to admit during proceedings to rescind a statutory summary suspension. Instead, our supreme court has found that statutory summary proceedings "are civil proceedings subject to the rules of the Code of Civil Procedure." *People v. McClure*, 218 Ill. 2d 375, 386 (2006); see also 625 ILCS 5/2-118.1(b) (West 2020) (stating statutory summary suspension hearings "shall proceed in the court in the same manner as in other civil proceedings").

¶ 27 Our research does not reveal a case specifically ruling on the exact issue raised by the State. However, the decisions from the appellate court that discuss the consequences of failing to respond to a request to admit during a statutory summary suspension proceeding weigh in favor of finding that the state's attorney has the ability to sign for its admittedly intangible client. See *Mindham*, 253 Ill. App. 3d 792; *Strasbaugh*, 194 Ill. App. 3d 1012. We also find the *dicta* in *Skotticelli*, 406 Ill. App. 3d at 964, that a response to a Rule 216 request to admit can be certified by a person with

knowledge of the facts sought to be admitted, including the party's attorney applicable to this specific situation. See also *Brookbank*, 389 Ill. App. 3d at 690 (Coleman, J., dissenting).

¶ 28    We decline the opportunity to either abolish or add unnecessary complication to the use of requests to admit by defendant motorists as defendants in statutory summary suspension proceedings. Accordingly, the state's attorney is considered a "party" for the purposes of responding to requests to admit in statutory summary suspension proceedings.

¶ 29    We must also note that on appeal, the State's arguments are confined to its legal ability to respond to the request to admit in this matter. Absent from the State's brief is an argument attacking the merits of the decision to grant summary judgment. The State's lone contention is that the lower court's error in deeming admitted the facts sought in the request to admit requires reversal of summary judgment. Of course, we find the State's argument on that point to be without merit. The State appears to be under the impression that after failing to respond to the request to admit, it was precluded from presenting circumstantial or other evidence of defendant being in actual physical control of a motor vehicle upon a public roadway. This decision should not be interpreted for that proposition. Our judgment today is confined to the legal ability of the State to respond to requests to admit in statutory summary suspension proceedings.

¶ 30                                III. CONCLUSION

¶ 31    For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

¶ 32    Affirmed.

**No. 3-20-0325**

| | |
|---|---|
| **Cite as:** | *People v. Darguzis*, 2022 IL App (3d) 200325 |
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 19-DT-700; the Hon. John J. Pavich, Judge, presiding. |
| **Attorneys for Appellant:** | James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Thomas D. Arado, and Justin A. Nicolosi, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| **Attorneys for Appellee:** | No brief filed for appellee. |